

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 28, 1958

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. WW-404

Re: Whether non-profit ceme-
tery corporations organized under
Article 912a-5, Vernon's Annotated
Civil Statutes, are subject to the
Business Corporations Act so that
the corporate existence may be per-
petual.

Dear Sir:

You have asked this office concerning the authority of the Secretary of
State's office to accept and file articles of incorporation for a non-profit,
non-perpetual care cemetery organized under the provisions of Article 912a-5,
Vernon's Civil Statutes, containing a provision in the charter for perpetual
existence.

You have stated that it has been the departmental construction of your
office since the effective date of the Business Corporations Act in Septem-
ber, 1955, that Articles 2.01A and 9.14A of the Act exclude all non-profit
corporations from the Act regardless of the purpose for which they are
formed, and that all such corporations must be organized under the provi-
sions of Chapter 1, 2, and 3 of Title 32 of the Revised Civil Statutes, and
that Articles 1320 of Title 32 limits the corporate existence to fifty years.
Prior to the passage of the "Texas Business Corporations Act" (Acts 1955,
54th Legislature, page 239, chapter 64) all private corporations except
where otherwise specifically provided were subject to the provisions of
Title 32 of the Revised Civil Statutes of 1925. Article 1319 Vernon's Anno-
tated Civil Statutes, classifies corporations as follows:

"Corporations are either public or private. A public
corporation is one which has for its object the government of
a portion of the state. Private corporations are of three kinds:

"1. Religious.
"2. For charity or benevolence.
"3. For profit."

Article 1320, Vernon's Annotated Civil Statutes, is in part as follows:

"Every private corporation as such has power:

"1. To have succession by its corporate name for the
period limited in its charter, not to exceed fifty
years, and when no period is limited, for twenty
years. . ."

Since there was no provision otherwise regulating the term of a "non-profit" cemetery corporation organized under the provisions of Article 912a-5, Vernon's Annotated Civil Statutes, these corporations prior to the enactment of the Business Corporations Act, were subject to the limitation of Section 1 of Article 1320 of 50 years duration.

Article 9.14 of the Texas Business Corporations Act is in part as follows:

"A. This Act does not apply to corporations organized for the purpose of operating banks, trust companies, building and loan associations or companies, insurance companies of every type or character. . ., railroad companies, cemetery companies, cooperatives or limited cooperative associations, labor unions, or abstract and title companies. . .; nor to corporations organized for the purpose of operating non-profit institutions, including but not limited to those devoted to charitable, benevolent, religious, patriotic, civic, cultural, missionary, educational, scientific, social, fraternal, athletic, or aesthetic purposes; provided, however, that if any of said excepted corporations are hereinafter organized under special statutes which contain no provisions in regard to some of the matters provided for in this Act, or if such special statutes specifically provide that the general laws for incorporation shall supplement the provisions of such statutes, then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such special statutes."

Article 2.01 of the Texas Business Corporations Act is in part as follows:

"A. Except as hereinafter in this Article excluded herefrom, corporations for profit may be organized under this Act for any lawful purpose or purposes, which purposes shall be fully stated in the articles of incorporation. Corporations for the purpose of operating non-profit institutions, including but not limited to those devoted to charitable, benevolent, religious, patriotic, civic, cultural, missionary, educational, scientific, social, fraternal, athletic, or aesthetic purposes, may not adopt or be organized under this Act.

"B. No corporation may adopt this Act or be organized under this Act or obtain authority to transact business in this State under this Act;. . .

"(4) If any one or more of its purposes is to operate any of the following:

"(a) Banks,
"(b) Trust companies,
"(c) Building and loan associations or companies,
"(d) Insurance companies of every type and character that operate under the laws of this state, and corporate attorneys in fact for reciprocal or inter-insurance exchanges,
"(e) Railroad companies,
"(f) Cemetery companies,
"(g) Cooperatives or limited cooperative associations,
"(h) Labor unions,
"(i) Abstract and title insurance companies. . ."

Thus, it is clear that a "non-profit" cemetery corporation may not be organized under nor adopt the provisions of the Business Corporations Act either because it is a non-profit corporation or is a cemetery company. The sole question is whether such non-profit cemetery corporations are subject to the proviso in Article 9.14A of the Business Corporation Act that if any of "said excepted corporations are hereafter organized under special statutes which contain no provisions in regard to some of the matters provided for in this Act, the provisions of the Texas Business Corporations Act shall apply to the extent that they are not inconsistent with the provisions of such special statutes."

Article 2.02 of the Texas Business Corporations Act is in part as follows:

"A. Subject to the provisions of Sections B and C of this Article, each corporation shall have power:

"(1) To have perpetual succession by its corporate name unless a limited period of duration is stated in its articles of incorporation."

Article 3.02 of the Business Corporations Act is in part as follows:

"Art. 3.02. Articles of Incorporation.

"A. The Articles of Incorporation shall set forth:

"(1) . . . .

"(2) The period of duration, which may be perpetual."

There does not appear to be any provision in the special statutes governing non-profit cemetery corporations inconsistent with these provisions. Therefore, if such non-profit cemetery corporations organized after the effective date of the Business Corporations Act are subject to the proviso of Article 9.14A, the provisions of Article 2.02A(1) and 3.02A(2) above quoted would apply.

While it would appear from an examination limited solely to the terms of paragraph A of Article 9.14, that non-profit corporations are subject to the proviso in this paragraph, we believe that a correct interpretation of the Business Corporations Act will lead to a contrary conclusion. We call attention to paragraph A of Article 2.01 above quoted where it is indicated that this Act applies only to corporations for profit and not to non-profit corporations, and further to the definition of the term "corporation" in Article 1.02a-(1) of the Texas Business Corporations Act, which is as follows:

"(1) 'Corporation' or 'domestic corporation' means a corporation for profit subject to the provisions of this Act. . ."

Since in any event there is an ambiguity as to whether or not the terms of the Business Corporations Act apply at all to non-profit corporations, we believe that the departmental interpretation which you have placed on this Act should be given effect. This is particularly true since the Legislature had convened since the adoption of this departmental interpretation, and, although the Legislature has amended the Business Corporations Act, it has not seen fit to amend the Act so as to change this construction.

We hold that "non-profit corporations" are not governed by the Business Corporations Act and may not take advantage of Article 2.02A(1) and 3.02A(2) thereof so as to have perpetual succession or duration.

We further hold that the so-called "non-profit cemetery" corporations provided for by Article 912a-5 V.C.S. are not "corporations for profit" as used in the Business Corporations Act and therefore are not subject to its provisions and in particular are governed by Article 1320 V.C.S. rather than Articles 2.02A(1) and 3.02A(2) of the Business Corporation Act.

We express no opinion as to whether or not such "non-profit cemetery" corporations should be classified as "non-profit" other than under the specific circumstances here encountered. We call attention to the case of Farmers v. State, 69 Tex. 561, 7 S.W. 220, wherein the Supreme Court held a mutual benefit association to be a corporation for "profit". We believe that it would do violence to the legislative intent in this particular context to hold that such cemetery corporations were not non-profit when the Legislature had denominated them as "non-profit" corporations.

SUMMARY

"Non-profit", private corporations are not subject to nor governed by the Business Corporations Act. "Non-profit", non-perpetual care cemetery corporations organized under the provisions of Article 912a-5, Vernon's Annotated Civil Statutes are "non-profit" corporations to the extent that they may not be subject to nor governed by the Texas Business Corporations Act, and therefore, such corporations may not have perpetual existence.

Hon. Zollie Steakley, page 5 (WW-404)

Very truly yours,

WILL WILSON
Attorney General of Texas

By Fred B. Werkenthin
Assistant

FBW:dac

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

Wallace P. Finfrock
Morgan Nesbitt
Richard Stone

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert